UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BILL SCOTT,

Plaintiff,

v.

S.M. PEDERSON, ALAN PRATER, DANIEL CLARK, WILLIAM EARL, J. SHANAHAN, and DANIEL McMAHAN,

Defendants.

Civil No. 00-2053 (PAM/SRN)

**ORDER**

---

Plaintiff, a prisoner at the Federal Correctional Institution at Sandstone, Minnesota, has filed a complaint seeking relief for alleged violations of his federal constitutional rights. Rather than paying the $150 filing fee required by 28 U.S.C. 1914(a), Plaintiff has filed an application seeking leave to proceed in forma pauperis, ("IFP"), which is now before the Court. (Docket No. 2.)

Because Plaintiff is a prisoner, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or

FILED SEP 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six months was $80.03, and his average monthly balance during the same period was $80.00. Because the average monthly

deposit amount is greater than the average monthly balance amount, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount; i.e., $16.01, ($80.03 x 20% = $16.01). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served by the U.S. Marshal.[1] If the initial partial filing fee is not paid within thirty (30) days,

---

[1] Although the complaint in this case has not yet been thoroughly examined, a cursory inspection of the file suggests that this action is not likely to survive initial screening. It does not appear that Plaintiff has been deprived of any constitutionally protected liberty interest that would give rise to an actionable due process claim, because he has had not alleged any facts showing that he had been subjected to any "atypical and significant hardship... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Furthermore, it does not appear that Plaintiff has suffered any hardships that would constitute "cruel and unusual punishment" for Eighth Amendment purposes. Finally, Plaintiff's claims appear to be barred by 28 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury." Plaintiff may want to re-consider the legal sufficiency of his claims before making the commitment to pay $150 to pursue this action.

days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within thirty (30) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $16.01, failing which it will be recommended that the action be dismissed without prejudice.

Dated: September 6, 2000

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge